**FILED - GR**

May 27, 2020 11:39 AM

CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _kw_  Scanned:  _Kw_ /5/27

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

WILLIAM G. WIZINSKY

          Plaintiff,

v.

LEELANAU COUNTY, PAUL HUNTER,
STEVE PATMORE, DOUG SCRIPPS,
DENISE DUNN, DEBORAH VANPELT,
GARY FREDRICKSON,
GAYLEN LEIGHTON, TODD HOOGLAND,
DICK KOENIG, PETER WOLCOTT,
NORM GOLM and BRIGID HART
          Defendants.

_____/

Case No. 1:19-cv-894
Hon. Janet T. Neff
Magistrate Judge Sally J. Berens

William G. Wizinsky,
Plaintiff In Pro Per,
(until representation is retained)
250 Pleasant Cove Drive
Novi, Michigan 48377
(248) 219-1225
wwizinsky@aol.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
By: Matthew Zalewski
Attorneys for Defendants
Leelanau County and Paul Hunter
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3550
(248) 489-4100/FAX(248) 489-1726
mzalewski@rsjalaw.com

RUNNING, WISE & FORD, PLC
By: Michael I. Conlon
Attorneys for Defendants Hoogland,
Golm, Koenig, Hart and Wolcott
326 E. State Street
Traverse City, MI 49684
(231) 946-2700
mic@runnningwise.com

BAUCKHAM, SPARKS, THALL,
SEEBER & KAUFMAN, P.C.
By: T. Seth Koches
Attorneys for Defendants Patmore,
Scripps, Dunn, Van Pelt,
Federickson & Leighton
470 W. Centre Ave. Suite A
Portage, MI 49024
(269) 382-4500
koches@michigantownshiplaw.com

_____/

**LIST OF EXHIBITS FOR PLAINTIFF'S MOTIONS; FOR DECLARITORY FOR THE JUDGEMENT; FEDERAL DISTRICT COURT TO HEAR PLAINTIFF'S ENTIRE CASE BASED ON THE DOCTRINE OF PENDANT JURISDICTION AND SUPPLEMENTAL JURISDICTION PER 28 U.S.C. § 1367 AND FOR LEAVE TO AMEND COMPLAINT TO TO ADD COUNTS OF 42 CODE§ 1985 (3), AND 42 U.S.C. § 1981(a) and AMEND ALL COUNTS TO FALL UNDER 42  U.S.C. 1983 (1970) (1988).**

1.  Affidavit of William G. Wizinsky for this Motion/Brief as Testimony.

2.  Email from Wizinsky to Patmore, where Patmore was aware of a Building Permit is to be issued.

3.  June 22, 2017 Building Department Citation.

4.  January 6th,2020 Written Argument read into the record at the Hearing as Oral Argument.

5.  May 4th, 2020 Written Argument read into the record at the Hearing as Oral Argument.

6.  July 11, 2018 issuance of Certificate of Occupancy by the County Building Department.

7.  September 11, 2018 Closed Township Board Meeting; Agenda and Minutes depicting violation of the Open Meeting Act and denial of Plaintiff's Due process Rights and Ex Parte Contact.

8.  2015 Health Department Letter issued based on a fraudulent Complaint without investigation.

9.  2016 Email to Wizinsky By Health Department closing complaint.

10. Emails between Hubbel and Crawford confirming compliance with Health Department and carries in water and a chemical toilet was acceptable to meet Health Codes. Email from Crawford to confirming installation of chemical toilet is approved.

11. William G. Wizinsky Affidavit showing reason for signing Settlement Agreement under duress.

12. Ann M. Wizinsky Affidavit showing reason for signing Settlement Agreement under duress.

13. The Circuit Courts Opinion and Order from the January 6th, 2020 Hearing.

14. Email showing Transcript would be completed in 10 days after payment, yet still waiting for it as this is written.

15. Leelanau County "Requirements for a Building Permit" depicting a permit cannot be issued without zoning and health approval.

16. 2018 Tax Statement depicting Wizinsky Home Is a Home because it is taxed as a Home.

17. Wizinsky email to the Shores telling them they were violating the law by interfering in Wizinsky's business.

18. The Shores Protective Restrictions, Section 30. Contractual Due Process Requirement.

19. Article requiring Due Process by HOA with case law examples.

20. Email to Popps Excavating with fraudulent "Cease and Desist' letter confirming unlaw interference in Business Relationship.

21. Approval of the Shores to "protect the structural integrity of the structure".

22. Email from Wizinsky to The Shores concerning blockade threat.

23. Email from Wizinsky to The Shores concerning conclusion and compliance with agreement ending this fight.

24. Steve Patmore 7/19/17 Email to Chet Janik, Ty Wessel concerning Wizinsky Land Use Permit Application. State a few days, took five months to respond.

25. Patmore's 12/12 2017 response to Wizinsky Land Use Permit which was attached to the Certificate of Occupancy.

26. Patmore had full knowledge Wizinsky was taxed as a house in June 2017.

27. Article concerning Constitutional Due Process and how it directly affects Zoning; written by Mary Ann Heidemann, Michigan State University.

28. Article describes the importance of Exparte Contacts in Zoning written by: Gary D. Taylor, Iowa State University.

29. Open Meeting Act (excerpts)

30. Michigan Zoning Enabling Act (excerpts)

31. Defendants Shores/Township Mutual Release

32. Leelanau County Zoning Ordinances (excerpts)

33. Email showing filing of plans in 2015 with sealed plans and engineering letter.

34. 1992 Approval of The Shores

35. 1992 Approval of County with issuance of Building Permit

36. 1992 Approval of Township with zoning, issuance of Land Use Permit

37. 1992 Inspection approving Foundation and Structural depicting approval of all zoning issues.

38. June 22, 2017 Patmore Letter, internal document to attendees of meeting stating a New Land Use Permit was required if Wizinsky tore down his home and rebuilt it.

39. 2018 Approved Plans showing Patmore required changes to use the 1992 Land Use Permit requiring the deck and stairs removed, thereby no zoning violation existed.

40. Memo To File written by Steve Patmore dated 6/22/2017 Meeting Notes about denial of issuance of a permit and conspiracy to defraud.

41. Chet Janik email June 22, 2017 to Steve Haugen showing public officials' interference in the permit process, a due process violation.

42. The 2019 Settlement Agreement based on fraud and signed under duress.

43. Defendant Paul Hunter sent an email to Plaintiff that he wanted to inspect Plaintiffs Fireplace again. This was a coordinated ENTRAPMENT PLAN.

44. Fireplace approval inspection with scheduled date, to give to the Shores/Township to coordinate date Wizinsky would be on property.

45. 2018 Private Investigator Report coordinate with County ensuring Wizinsky is on the property.

46. Independent Compliance Review by Josh Mills a Zoning Official in Benzie County

47. Wizinskys Mutual Release as promised in mediation.

48. Plaintiff's Temporary Attorney Appearance.

49. Affidavit of Temporary Attorney showing he was never properly served.

50. Temporary Attorney Withdrawals from Case.

51. Wizinsky on the week of Labor Day passed out Brochures with Settlement Agreement.

52. Count 1 of Circuit Court Complaint Filing alleged "zoning violations."

4

53. 2018 Building Permit

54. Jan. 8, 2018 Application for Permit

55. Dec. 14, 2017 Zoning/Building Solution for Lot 11. Email from Steve Patmore approving use of 1992 Land Use Permit if stairs put inside.

56. Plaintiff's Response Dec. 14, 2017 shortly after in an email.