UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM G. WIZINSKY,

    Plaintiff,

v.

LEELANAU COUNTY, et al.,

    Defendants.
_____/

Case No. 1:19-cv-894

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff, proceeding pro se, initiated this action against Leelanau County and Paul Hunter ("County Defendants") and various Shores Homeowners Association (HOA) Board Members ("HOA Defendants") and Leelanau Township officials ("Township Defendants"), involving claims arising from Defendants' enforcement of building codes and ordinances and refusals to allow Plaintiff to use his structure—a gazebo—as a dwelling. The County Defendants filed a motion to dismiss and/or for judgment on the pleadings and the HOA and Township Defendants filed a joint motion for summary judgment. The County Defendants also filed two motions for Rule 11 sanctions. Plaintiff filed a motion for summary judgment along with various other motions. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending the Court (1) grant the County Defendants' motion to dismiss and the HOA and Township Defendants' joint motion for summary judgment and dismiss Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3); (2) deny Plaintiff's motion for summary judgment on Counts 9 and 10, motion for injunctive relief, and

motion for leave to file; and (3) deny the County Defendants' *Wizinsky* I motion for Rule 11 sanctions but grant the County Defendants' motion for Rule 11 sanctions in the instant case. With regard to the latter motion, the Magistrate Judge recommends that the Court find that Plaintiff has violated Rule 11; however, because of Plaintiff's pro se status and because of the recommendation that Plaintiff's case be dismissed in its entirety, the Magistrate Judge recommends that the Court not award monetary sanctions.

The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation. The County Defendants have filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Opinion and Order.

## I.     Objection

An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The court's task then is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

Here, Plaintiff submits a 71-page purported objection to the Magistrate Judge's thorough 29-page Report and Recommendation. As stated in the County Defendants' response, "Plaintiff's Objection to the Report and Recommendation (the "Report") merely attempts to re-argue the motion to dismiss, without calling to light any errors in Magistrate Judge Berens' exceptionally comprehensive and soundly-reasoned Report" (ECF No. 78 at PageID.4564). It appears Plaintiff has re-presented various exhibits throughout his objection in support of his assertion that "the

Court misunderstood some of the construction and zoning terms in a negative way" and "[t]he Court also missed some key pieces of evidence that were attached to the pleadings and referred to the exhibits" (Pl. Obj., ECF No. 76 at PageID.4155).

Ultimately, the evidence presented in the objection largely surrounds the use of Plaintiff's gazebo as a dwelling (Pl. Obj., ECF No. 76 at PageID.4159). However, Plaintiff merely makes various factual allegations relating back to the underlying claims of the case instead of presenting objections under the standards applicable to the Magistrate Judge's Report and Recommendation (*see id.* at PageID.4156-4199). For example, Plaintiff alleges either minor factual errors or essentiallly disagrees that "the record taken as a whole could not lead to a rational trier of fact to find for the moving party" as to his multiple counts (*id.* at PageID.4212). However, Plaintiff presents no discernable valid objection to the Report and Recommendation. Plaintiff merely reiterates the same conclusory statements contained in his pleadings. Therefore, in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court denies the objection.

Further, the Court finds no grounds to "halt the proceedings [until] the Appeals are heard …" concerning Plaintiff's substantive due process claim (Pl. Obj., ECF No. 76 at PageID.4217). As the Magistrate Judge properly determined, and as set forth in the County Defendants' Response, "[t]he County was not a party to the state-court action" and these claims do not implicate the County (R&R, ECF No. 75 at PageID.4144; Cty. Resp, ECF No. 78 at PageID.4566-4567). Plaintiff provides no argument aside from conclusory statements that the County Defendants "refused to process a permit …" and that "there is sufficient evidence it was deliberate," which fail to state any valid objection or comprehensible claim under the facts and authority cited (Pl. Obj., ECF No. 76 at PageID.4217). Therefore, Plaintiff's objection and request to halt the proceedings are denied.

With regard to sanctions, while under ordinary circumstances monetary sanctions could justifiably be imposed, the Court declines the County Defendants' request in their Response that the Court impose monetary sanctions for Plaintiff's violation of FED. R. CIV. P. 11 (ECF. No. 78 at PageID.4568).  Despite Plaintiff's violation of Rule 11, the Court will not impose monetary sanctions  However, Plaintiff is placed on notice that future duplicative or repetitive filings, including post-judgment motions, may result in Plaintiff being placed on "restricted filer" status, in order to mitigate the continuing burden on this Court's limited resources, and also may result in the imposition of monetary sanctions against Plaintiff.

## II.     Motions

Following the issuance of the Report and Recommendation, Plaintiff filed a "Request for Leave to Present Clarification of Plaintiff's Objection to the August 20, 2020 Report and Recommendation," which the Court construed as a motion (ECF No. 77).  Plaintiff also filed a 247-page "Motion for Leave (If Needed) and Motion to Compel Defendant's [sic] to Have Appeals as Required under the 14th Amendment of the U.S. Constitution and/or Allow Plaintiff to Amend Complaint to Include Two More Counts of 42 U.S.C. 1983 Violations of Denied Due Process" (ECF No. 79), for which Plaintiff requests expedited consideration.

The Court agrees with the County Defendants that Plaintiff's motion for clarification presents no new additional information aside from the lengthy 71-page objection already presented (*see* ECF No. 78 at PageID.4564), and the motion is therefore denied.  Further, Plaintiff's motion for leave and motion to compel filed September 22, 2020 is belated and presents no cognizable or viable claim for relief, and moreover, does not attach the proposed document as required by the local rules.  This second motion is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves all pending claims in this case, a Judgment will also be entered. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 76) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 75) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the County Defendants' motion to dismiss (ECF No. 14) and the HOA and Township Defendants' joint motion for summary judgment (ECF No. 60) are GRANTED, and Plaintiff's state law claims are DISMISSED **without prejudice** pursuant to 28 U.S.C. § 1367(c)(3)..

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment on Counts 9 and 10 (ECF No. 16), Plaintiff's Motion for injunctive relief (ECF No. 19), and Plaintiff's Motion for leave to file (ECF No. 66) are DENIED.

**IT IS FURTHER ORDERED** that the County Defendants' *Wizinsky* I motion for Rule 11 sanctions (ECF No. 57) is DENIED, but the County Defendants' motion for Rule 11 sanctions in the instant case (ECF No. 44) is GRANTED; however, the Court does not award monetary sanctions.

**IT IS FURTHER ORDERED** that "Request for Leave to Present Clarification of Plaintiff's Objection to the August 20, 2020 Report and Recommendation" (ECF No. 77) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Leave (If Needed) and Motion to Compel Defendant's [sic] to Have Appeals as Required under the 14th Amendment of the U.S.

Constitution and/or Allow Plaintiff to Amend Complaint to Include Two More Counts of 42 U.S.C. 1983 Violations of Denied Due Process" (ECF No. 79) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff is placed on notice that future duplicative or repetitive filings, including post-judgment motions, may result in Plaintiff being placed on "restricted filer" status in order to mitigate the continuing burden on this Court's limited resources, and also may result in the imposition of monetary sanctions against Plaintiff.

Dated: September 30, 2020 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge